Filed 9/17/24  P. v. Razon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE BERNARD RAZON,<br><br>    Defendant and Appellant. | 2d Crim. No. B328166<br>(Super. Ct. No. MA077525)<br>(Los Angeles County) |

Dwayne Bernard Razon appeals his sentence after a jury found him guilty of assault by a life prisoner by means of force likely to produce great bodily injury (Pen. Code, § 4500[1]; count 1), battery with serious bodily injury (§ 243, subd. (d); count 2), and assault by a prisoner by means of force likely to produce great bodily injury (§ 4501, subd. (b); count 3).  The jury also found true allegations he personally inflicted great bodily injury on all counts.  Appellant admitted two prior convictions for purposes of

---

[1] Unlabeled statutory cites are to the Penal Code.

the recidivist sentencing statute (§ 667, subd. (a)(1)) and the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court granted appellant's motion to strike one of the prior strike convictions and declined to enhance his sentence on counts 2 and 3. It sentenced him to a prison term of 21 years to life on count 1, a determinate term of four years on count 2, and a determinate term of six years on count 3. It stayed the sentences on counts 2 and 3 pursuant to section 654.

Appellant argues four points. First, he contends the jury should have received an unanimity instruction as to count 2 for battery with serious bodily injury. Second, he contends we should reverse his conviction on count 2 because substantial evidence does not support the court's finding that he seriously injured the victim or caused great bodily harm. Third, he contends we should strike the great bodily injury finding on the same count because great bodily injury is an element of serious bodily injury under section 243. Fourth, he requests we strike his conviction on count 3 because section 4501 assault is a lesser-included offense of section 4500 assault.

We will strike the enhancement on count 2 and reverse the conviction on count 3 but otherwise affirm.

FACTS AND PROCEDURAL HISTORY

A Riverside County jury convicted appellant of murder and other counts in 1996. He remained incarcerated as a life prisoner at California State Prison in Lancaster as of July 2018. He shared a cell with Charles Wade, a 68-year-old wheelchair-bound inmate who weighed about 100 pounds. Appellant was by then 52 years old and weighed over 300 pounds.

One morning after breakfast, guards in the prison yard saw appellant straddling a supine Wade and punching him in the

2

face.  Appellant ignored orders to stop.  A guard in the control booth shot him in the back with a non-lethal sponge round but he still did not stop.  The victim initially covered his face but his arms fell to his sides as the beating continued.  The incident ended after a guard discharged an aerosol pepper grenade.

The guards and a nurse lifted Wade onto a gurney and rolled him out of the yard.  The nurse who evaluated Wade sent him to the hospital because of his injuries.

DISCUSSION

*Unanimity Instruction on Count 2 for Battery*
*with Serious Bodily Injury*

Appellant contends the trial court violated his due process rights by failing to give a unanimity instruction to the jury on count 2 for battery with serious bodily injury.  He argues the instruction was required because jurors could have found appellant seriously injured the victim in one or both of two ways: (1) by beating him unconscious, and (2) by causing his facial injuries.  Appellant characterizes these as discrete crimes the jury should have decided unanimously.  (See *People v. Russo* (2001) 25 Cal.4th 1124, 1132 ["when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act"].)  We disagree.

The evidence at trial supported only one theory: appellant's prolonged beating of the victim caused discrete injuries to his head and face.  The crime falls within the exception that applies when a series of acts are so closely connected in time that they form part of one transaction.  (See *People v. Robbins* (1989) 209 Cal.App.3d 261, 265-266.)  Appellant's jury "perform[ed] a measuring function, deciding

3

whether the victim suffered that quantum of injury legally defined as great bodily injury." (*Id.* at p. 265.)

*Substantial Evidence Supporting Conviction*

*On Count 2 for Battery with Serious Bodily Injury*

Appellant contends substantial evidence does not show he injured Wade seriously enough to convict him on count 2 for battery with serious bodily injury (§ 243, subd. (d)), or to find he caused the victim harm sufficient to impose a great bodily injury enhancement (§ 12022.7). We draw all reasonable inferences in support of the judgment when reviewing the record for sufficiency of the evidence for a conviction. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

Section 243, subdivision (f)(4) defines serious bodily injury as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; [or] bone fracture . . . ." A reasonable trier of fact could find beyond a reasonable doubt that appellant's punches rendered Wade unconscious. Four guards testified that Wade initially protected his face. His arms then dropped to his sides as appellant continued punching from above. One guard described Wade as "unconscious" and "unresponsive" after the attack and remained in that state while they rolled him from the yard on a gurney. He was still on the ground when the nurse arrived in the yard to evaluate him. The record also shows the punches caused one or more bone fractures. A CT scan later revealed a nondisplaced fracture near the right eye, a minimally displaced fracture in the right maxillary sinus wall, and sinus hemorrhaging. This evidence is sufficient to support the jury's finding that appellant committed the felony offense of battery with serious bodily injury.

4

The evidence is also sufficient to support the jury's true finding on the special allegations that appellant caused great bodily injury to Wade. "Some physical pain or damage, such as '[a]brasions, lacerations, and bruising can constitute great bodily injury. [Citation.]'" (*People v. Quinonez* (2020) 46 Cal.App.5th 457, 464, quoting *People v. Jung* (1999) 71 Cal.App.4th 1036, 1042.) "[T]he injury need not be so grave as to cause the victim '"permanent," "prolonged," or "protracted"' bodily damage." (*People v. Cross* (2008) 45 Cal.4th 58, 64, quoting *People v. Escobar* (1992) 3 Cal.4th 740, 750.) The nurse noted abrasions, scratches, and swelling on his face after the attack. She considered the injuries serious enough to call 911 and send him to the hospital instead of the prison's triage center. The fractures and hemorrhaging revealed by the CT scan proved this decision wise.

### *Imposing Great Bodily Injury Enhancement When Serious Bodily Injury Is an Element of Battery*

Appellant next contends we should strike the jury's finding of "great bodily injury" on count 2 because it is legally equivalent to a finding of "serious bodily injury," which is an element of battery under section 243, subdivision (d). The great bodily injury enhancement does not apply "if infliction of great bodily injury is an element of the offense." (§ 12022.7, subd. (g).) We review questions of statutory interpretation de novo.[2] (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.)

---

[2] The People contend this issue is moot because the abstract of judgment does not reflect a great bodily enhancement on count 2. The trial court, however, does not appear to have ruled on appellant's motion to strike or otherwise disposed of the

"[T]he Courts of Appeal have long construed Penal Code section 12022.7, subdivision (g)'s bar on imposing the great bodily injury enhancement when 'infliction of great bodily injury is an element of the offense' to mean that the enhancement may not be imposed where serious bodily injury is an element of the underlying offense." (*In re Cabrera* (2023) 14 Cal.5th 476, 490; see *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375 ["'serious bodily injury' and 'great bodily injury' have substantially the same meaning [Citation] . . . [t]herefore, common sense dictates that great bodily injury is indeed an element of battery under section 243, subdivision (d)"]; accord, *People v. Beltran* (2000) 82 Cal.App.4th 693, 696-697.) We conclude the same and will strike the enhancement as to count 2. (§ 1260.)

*Conviction for Assault Under Section 4501*

The jury convicted appellant of assault under both section 4500 (count 1, assault by a life prisoner by means of force likely to produce great bodily injury) and section 4501, subdivision (b) (count 3, assault by a prisoner by means of force likely to produce great bodily injury). Appellant contends we should strike the section 4501 conviction because it is a lesser-included offense of the section 4500 conviction. (See *People v. Delgado* (2017) 2 Cal.5th 544, 570, quoting *People v. Reed* (2006) 38 Cal.4th 1224, 1227 ["'[I]f the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former'"].) The People concede we should strike the section 4501 conviction—not because it is a lesser included offense of section 4500, but because it expressly excludes those serving a life sentence. We agree with the People.

---

enhancement. We decide the issue here as a pure question of law.

Section 4500 states in relevant part: "Every person while undergoing a life sentence, who is sentenced to state prison within this state, and who, with malice aforethought, commits an assault upon the person of another . . . by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole." Section 4501, subdivision (b) states: *"Except as provided in Section 4500*, every person confined in the state prison of this state who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be guilty of a felony and shall be imprisoned in the state prison for two, four, or six years to be served consecutively." (Italics added.)

Life prisoners who violate section 4500 cannot violate section 4501 simultaneously because the latter applies only to those prisoners serving less than a life term. (See *People v. Noah* (1971) 5 Cal.3d 469, 476 ["when an information or indictment alleges a violation of section 4500, and by so doing alleges that the defendant is serving a life term, section 4501 cannot be a necessarily included offense in fact, since an offender who violates section 4500 cannot violate section 4501"].) The Legislature added the preface "except as provided in Section 4500" to both subdivisions of section 4501 when it amended the statute in 2004. (Stats. 2004, ch. 405, § 17.) This phrase further confirms that one cannot violate section 4501 if they are serving a life sentence at the time of the charged offense. Appellant did not dispute he was a life prisoner when he attacked the victim or present evidence showing otherwise. The jury found the element true when it found him guilty of section 4500 battery.

7

DISPOSITION

The enhancement pursuant to section 12022.7 is stricken as to count 2. The conviction on count 3 (violation of section 4501, subdivision (b)) is reversed. The judgment is affirmed in all other respects. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

8

Manuel A. Almada, Judge
Superior Court County of Los Angeles

_____

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Sophia A. Lecky, Deputy Attorney General, for Plaintiff and Respondent.